IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRUCE COMMITTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:17-CV-131 |
| | § | |
| NEIL W. TERRY, et al., | § | |
| | § | |
| Defendants. | § | |

### MODIFIED FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT WITH PREJUDICE

Before the Court is plaintiff BRUCE COMMITTEE's Second Amended Complaint. [ECF 15]. On May 22, 2018 the undersigned issued Findings, Conclusions and a Recommendation (FCR) to Dismiss Plaintiff's Complaint with Prejudice. Plaintiff filed objections and the District Judge Re-Referred the case in order to allow plaintiff an opportunity to file an amended complaint. For the following reasons, plaintiff's amended complaint should be DISMISSED WITH PREJUDICE.

Plaintiff objected to some findings in the original FCR that plaintiff's claims against defendants arose in their "official capacities." The original FCR addressed allowing plaintiff an opportunity to amend his complaint to add claims under the Age Discrimination in Employment Act (ADEA). The original FCR reasoned that *if* plaintiff brought a claim under the ADEA, such a claim must be against these employees in their official capacity. The original FCR did not find that plaintiff's civil rights claims filed pursuant to Title 42 United States Code section 1983 were made against defendants in their official capacities. A section 1983 suit for a violation of equal protection allows claims against employees in their individual capacities.

However, the fact remains unchanged, and plaintiff directly acknowledges this in his objections, that plaintiff's claims for *age discrimination* under the Equal Protection doctrine are preempted by the passage of the ADEA in the *Fifth Circuit*. Plaintiff argues that the Seventh Circuit in *Levin v. Madigan*, 692 F.3d 607 (7th Cir. 2012) found that section 1983 claims for age discrimination under the Equal Protection doctrine were not preempted and urges this Court to follow the Seventh Circuit's reasoning and "overrule" the Fifth Circuit decision in *Britt v. Grocers Supply Co., Inc.*, 978 F.2d 1441, 1447-48 (5th Cir. 1992), cited in the original FCR.

This Court is located in the jurisdiction of the Fifth Circuit; thus, Fifth Circuit law applies to this case. Additionally, the clear majority of circuits have also concluded that section 1983 claims for age discrimination under the Equal Protection doctrine are preempted by the ADEA. *See Brandl v. Columbus City Sch. Dist.*, No. 2:09-CV-680, 2010 WL 5014306, at *3 (S.D. Ohio Dec. 1, 2010) (citing several circuits that have dismissed age discrimination claims under section 1983 as preempted by the ADEA); *see also Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 110 (3d Cir. 2014) (decided after *Levin* and joining the reasoning in a majority of circuits in finding section 1983 age discrimination claims are preempted by the ADEA). Plaintiff was allowed the opportunity to amend and *did not* bring any claims under the ADEA. As discussed in the original FCR, such claims would be barred by Eleventh Amendment immunity.

The undersigned re-urges all findings and legal reasoning in the original FCR to the district judge by this FCR, modifying it only to the extent that plaintiff has now been provided the opportunity to file an amended complaint to address the original FCR. Consequently, the original reasoning that such amendment would be futile is now moot, except to the extent plaintiff again requests the opportunity to file any amendments to his claims.

FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Plaintiff asserts no *new facts* as part of his Second Amended Complaint. Rather, plaintiff merely urged all claims were section 1983 claims for violations of the Equal Protection claims against parties in their individual capacities.

2. Plaintiff applied for a position as a non-federal employee with a state university. Plaintiff was not hired for that position. Plaintiff has sued TERRY and JOHN AND JANE DOES, individuals who had a role in the hiring of an assistant professor of accounting at West Texas A&M University in the Fall of 2016.

3. Plaintiff fails to state a colorable claim under 42 U.S.C. § 1983. Section 1983 age discrimination claims are preempted by the ADEA.

4. Plaintiff's claims are subject to Fifth Circuit law. Plaintiff is aware of the differences in the law of the circuits as evidenced by his past filings.

5. Plaintiff is aware his claims are frivolous based on past dismissals of similar claims he has made in cases across the country; thus, the Court's dismissal of his complaint should be with prejudice and without leave to further amend.

IV.
RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the complaint filed by plaintiff BRUCE COMMITTE be DISMISSED WITH PREJUDICE.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on August 31, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## *NOTICE OF RIGHT TO OBJECT*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).